UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Molay Sheriff,

Plaintiff,

v.

Multilayer Technology, Inc.,
d/b/a Multek,

Defendant.

Civil Case No.: 01-1365 DWF/AJB

**STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY**

---

It is hereby stipulated and ordered that:

1. This Stipulation and Order (hereinafter "Order") shall govern the production, use and disclosure of information and documents produced or disclosed in connection with this action and designated in accordance with this Order.

2. For the purposes of this Order, the term "documents" shall be defined in accordance with Rule 34(a) of the Federal Rules of Civil Procedure.

3. All documents produced by any party to this action, regardless of whether they were produced before of after the issuance of this Order, shall be treated by all other parties as CONFIDENTIAL and subject to the protections and requirements of this Order, regardless of whether or not the documents are labeled "CONFIDENTIAL."

4. In the event the discovering party seeks to contest the treatment of any document or information as Confidential under this Order, the discovering party shall advise the producing party of the same in writing, and the notified party agrees to consider removing or relaxing the treatment of such documents or information as Confidential. In



FILED APR 0 8 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

the event the Parties cannot resolve a dispute between them regarding such treatment, the discovering party shall have the burden of proof, in any hearing or other proceeding before the Court, to establish good cause for a finding by the Court that the treatment of such documents or information as Confidential is manifestly unreasonable.

5. Information conveyed or discussed in testimony at a deposition or a court proceeding shall be subject to this Order provided it is designated as CONFIDENTIAL on the record or in writing either at the time the testimony is given or within thirty days of either: a) receipt by the parties of the portion of the deposition or the court hearing transcript containing the confidential information; or b) the entry of this Order, whichever is later. Any party shall have the right to exclude from attendance at a deposition during such time as any information or documents designated CONFIDENTIAL are disclosed any person who is not entitled to receive such information or documents pursuant to this Order.

6. Documents and information designated as CONFIDENTIAL pursuant to this Order shall be used only for the purpose of preparing and conducting this litigation, and shall not be used to compete with the producing party or for any other business purpose.

7. Documents and information designated as CONFIDENTIAL pursuant to this Order shall not be disclosed to anyone other than:

(a) a court and court personnel considering the dispute between the parties;

(b) the parties to this action and their current and former employees;

(c) counsel of record for the parties to this action and their employees and representatives;

(d) experts and advisors retained for the purposes of this action, provided, however, that before such expert or advisor is shown or receives any information or document designated as CONFIDENTIAL, that expert or advisor must agree in writing to comply with the terms of this Order;

(e) stenographic or court reporters engaged for depositions;

(f) deponents during the course of a deposition, provided, however, that unless the person otherwise qualifies for access to such information or documents pursuant to this Order, before such person is shown or receives any information or document designated as CONFIDENTIAL, that person must be advised that they are obligated to comply with the terms of this Order and must be given an opportunity to review the terms of this Order;

(g) any relevant witnesses and potential witnesses, provided, however, that before such person is shown or receives any information or document designated as CONFIDENTIAL, that person must agree in writing to comply with the terms of this Order;

8. Within sixty (60) days after the final disposition of this action, including all appeals therefrom, all documents designated as CONFIDENTIAL, including all copies of documents designated as CONFIDENTIAL, and all excepts therefrom in the possession, custody or control of parties other than the producing party shall be returned to counsel for the producing party, and counsel for parties other than the producing party shall destroy or keep under seal all work product or transcripts embodying documents or information designated as CONFIDENTIAL, provided, however, that counsel for each party may retain one copy of each document designated as CONFIDENTIAL under seal for a period of six (6) years after said sixty-day period solely for reference in the event of a dispute over the

use or dissemination of information subject to the terms of this Order. At the end of said six-year period, such documents shall be destroyed or returned to counsel for the producing party.

9. The provisions of this Order shall, absent written consent of the parties hereto, continue to be binding on the parties, their successors and assigns after the final disposition of this action. The Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications and additions to this Order and such other and further relief as may be necessary, and either party may apply the Court at any time for an amendment or modification of or addition to this Order.

10. The confidentiality obligations of this Order shall not prohibit the use by any party or others of any information or documents that are currently in the public domain or that are required to be disclosed pursuant to court order.

11. Any document or information, to the extent filed with the Court, shall be subject to filing under seal in accordance with the provisions of this Section 11. Any party may designate for such filing any document or information in any of the following categories: a) any document or information provided to, or received from, the EEOC by Multek in connection with Mr. Sheriff's charge; b) any document or information that raises employee privacy concerns; and c) any commercially sensitive information or any document containing commercially sensitive information. In the event that a party wishes to require that any document or other information in one of the foregoing categories be filed, if at all, under protective seal in accordance with this Section 11, the party may designate such document by any of the following methods: i) labeling such

document or information with the legend "CONFIDENTIAL" at the time of its production to the opposing party; ii) by a writing to the opposing party designating such document or information as CONFIDENTIAL; or iii) designating as CONFIDENTIAL any information conveyed or discussed in testimony at a deposition or a court proceeding in accordance with the procedure set forth in Section 5, above. To the extent that any document or information that is designated Confidential pursuant to this Section 11 is filed with any court or other public body, such filing shall be made under seal in the following manner. Specifically, any documents or information, including but not limited to deposition testimony, that is designated Confidential or treated as Confidential under this Order, or copies, abstracts, excerpts, analysis or other writings that contain, reflect or disclose the substance of such documents or information, if filed with the Clerk of court shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed (1) the title of this action, (2) the phrase "CONFIDENTIAL--SUBJECT TO CONFIDENTIALITY AGREEMENT," and (3) a statement substantially in the following form or containing language of similar import:

> This envelope contains confidential information which is to be kept under seal except by written agreement of the parties or order of the Court.

Such endorsement shall not prevent a second copy of any pleadings or papers specifically intended for review by the Court from being hand delivered to the Court's chambers to ensure that the same is brought promptly to its attention, provided that each page thereof that bears information contained or derived from Confidential documents or deposition testimony shall be marked in accordance with paragraph 4 hereof.

12. In the event anyone shall violate or threaten to violate the terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such violation or threatened violation, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto any claim that the aggrieved party possesses an adequate remedy at law.

13. Neither this Order, nor any stipulation therefore, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver, or agreement by any party that any information or documents designated as CONFIDENTIAL hereunder is not a trade secret or confidential information for purposes of determining the merits of any claims either party may have against one another or a third party. Neither this Order nor any stipulation therefore shall be deemed to expand the scope of discovery in this action beyond the limits otherwise prescribed by law, nor to enlarge the scope of discovery to matters unrelated to this lawsuit.

14. This Order shall be without prejudice to the right of any party to apply to the Court for relief from any requirements hereof, for good cause.

DATE: 4/4/02

[signature]

David C. Weinstein (26569X)
DAVID C. WEINSTEIN P.C.
520 Marquette Avenue, Suite 900
Minneapolis, MN 55402
Telephone: (612) 332-1910
Facsimile: (612) 371-2077

**Attorneys for Plaintiff**
**Molay Sheriff**

DATE: 4/5/02

Timothy J. Ewald (#238077)
Mark S. Mathison (#028709X)
GRAY, PLANT, MOOTY,
MOOTY & BENNETT, P.A.
3400 City Center, 33 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 343-2800

**Attorneys For Defendant**
**Multilayer Technology, Inc.,**
**d/b/a Multek**

IT SO ORDERED.

DATED this 8th day of April, 2002.

BY THE COURT:

FOR THE DISTRICT COURT

GP:878494 v2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.