**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Molay Sheriff,

Plaintiff,

v.

Multilayer Technology, Inc.,

Defendant.

Civil No. 01-1365 (DWF/AJB)

**ORDER ON MOTION TO COMPEL DISCOVERY RESPONSES**

This matter is before the Court on plaintiff's motion to compel discovery. Hearing was held on April 17, 2002, at the U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101. David C. Weinstein, Esq., appeared on behalf of the plaintiff, and Timothy J. Ewald, Esq., appeared on behalf of the defendant.

Plaintiff Molay Sheriff moves to compel production of documents pursuant to Request No. 7 of his First Set of Requests for Production of Documents and Request No. 2 of his Second Set of Requests for Production of Documents. Request No. 7 seeks EEOC and Minnesota Human Rights Department materials relating to a discrimination charge initiated by the plaintiff and investigated by the EEOC. Request No. 2 seeks production of documents relating to settlement of the EEOC charge. Defendant provided a privilege log which references EEOC related documents that would be subject to a discovery request, and asserts that production is not required because the documents are settlement documents protected under Fed. R. Evid. 408, the materials are not relevant, and the documents are work product. Plaintiff acknowledges that settlement documents may not be admissible under Fed. R. Evid. 408, but insists that the documents are relevant; they contain information which may lead to discovery of

APR 22 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

admissible evidence; and the materials are therefore discoverable under Fed. R. Civ. P. 26(b)(1). The documents at issue have been submitted to the Court for *in camera* review.

Based upon the file in this matter, along with memorandums, exhibits, affidavits, and arguments of counsel, and review of *in camera* submissions, **IT IS HEREBY ORDERED THAT** plaintiff Molay Sheriff's motion to compel discovery **denied** [Docket No. 6]. Plaintiff's motion for costs and fees incurred in connection with this motion is likewise denied.

Dated: April 19, 2002

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Plaintiff argues that the settlement related documents requested pursuant to this motion are clearly subject to discovery under Fed. R. Civ. P. 26(b) and that the privileges and rules relied upon by defendant do not apply under the circumstances of this case. Plaintiff concedes that the materials may be subject to the Fed. R. Evid. 408 prohibition against admission at trial of certain evidence relating to settlement negotiations and offers of compromise, but contends that the evidentiary rule does not bar discovery which is calculated to lead to discovery of other evidence which is admissible. Plaintiff also contends that the work product doctrine does not apply to prevent disclosure in this instance.

The Court has reviewed the documents *in camera* and finds no material that is

protected work product. Several of the documents were not prepared by defense counsel and others were prepared for the specific purpose of examination by opposing counsel in the litigation at hand. The work product doctrine simply has no application to the motion now before the Court. With respect to Fed. R. Civ. P. 26(b)(1) and Fed. R. Evid. 408, plaintiff asserts that neither rule directly precludes the discovery because the documents are relevant, the information contained in the materials is reasonably calculated to lead to discovery of admissible evidence, and plaintiff is not seeking admission of the actual settlement material in the trial of the matter.

Fed. R. Evid. 408, on the one hand, and Fed. R. Civ. P. 26(b), on the other, represent polar positions under which the discovery request now before the Court might be considered. Rule 408 provides that evidence relating to the furnishing or acceptance of a offer to compromise a disputed claim, and evidence of conduct or statements made in compromise negotiations, is not admissible to prove the validity or value of the claim. Rule 26(b)(1) would allow discovery of any relevant, non-privileged information which need not be admissible so long as it appears reasonably calculated to lead to discovery of admissible evidence. A number of courts advocate a third approach whereby parties are permitted to obtain discovery of settlement related matter only after making a particularized showing that the requested material will likely lead to discovery of admissible evidence. Bottaro v. Hatton Associates, 96 F.R.D. 158, 160 (E.D.N.Y. 1982). Defendant relies upon Fed. R. Evid. 408 to insist that the material at issue would be inadmissible at trial and plaintiff argues that the information is discoverable under Rule 26(b)(1). Neither party has discussed application of the particularized showing approach.

Both sides in this matter assert the absence of clear Eighth Circuit authority

concerning the extent to which Fed R. Evid. 408 protects settlement negotiation material from discovery otherwise allowable under Fed. R. Civ. P. 26(b)(1). An argument in favor of implementing a particularized showing requirement effectively places a higher burden on the party seeking discovery than is prescribed under the Rule 26(b)(1). Eighth Circuit courts do not appear to have imposed an onus higher than the burden of showing that the information sought is reasonably calculated to lead to the discovery of admissible evidence and courts elsewhere have expressly noted the impracticality of such a discovery burden. Without knowing the specific contents of requested discovery materials explaining either the relevance of the materials or reasons for admissibility is not a simple matter for a moving party. City of Wichita v. Aero Holdings, Inc., 192 F.R.D. 300, 302 (D. Kan. 2000). Indeed, the additional burden is perhaps more properly placed on the party resisting discovery to show why "the requested material is outside the scope of Rule 26(b)(1) or is of such marginal relevance that the liberal disclosure required by Rule 26 is outweighed by the potential harm of disclosure." Id.

Application of Rule 408 in a discovery dispute between parties who are not the same as those had previously been engaged in settlement negotiations presents a deviation from ". . . the paradigmatic Rule 408 scenario in which a settlement offer and negotiations are sought to be used at trial against the offeror." American Standard, Inc. v. Pfizer, Inc., 8 U.S.P.Q.2d 2019, 2020 (S.D. Ind. 1988). This variance is critical in light of the "general principle" that "Rule 408 only bars the use of compromise evidence to prove the validity or invalidity of the claim that was the subject of the compromise, not some other claim," Johnson v. Land O' Lakes, 181 F.R.D. 388, 392 (N.D. Iowa 1998) quoting Uforma/Shelby Business Forms, Inc. v. NLRB, 111 F.3d 1284, 1293-94 (6th Cir. 1997). The evidence rule does not mandate exclusion of

evidence relating to a settlement of claims other than the one presently being litigated. Johnson v. Land O' Lakes at 392, citing Towerridge, Inc. v. T.A.O., Inc., 111 F.3d 758, 770 (10th Cir. 1997). For these reasons, the Court concludes that the inadmissibility of settlement evidence under Fed. R. Evid. 408 is not a bar to the discovery of material under Fed. R. Civ. P. 26(b)(1) under the circumstances presented in this motion.

However, the Court agrees with defendant's position that disclosure of negotiation and settlement documents to third parties is antithetical to important policy considerations favoring confidential settlements of employment discrimination charges and prompt and effective elimination of discrimination in a work environment. Cason v. Builders FirstSource Southeast Group, 159 F.Supp.2d 242, 249 (E.D.Va. 2001). Furthermore, upon review of the *in camera* materials the Court is persuaded that relevant evidence contained in the documents could be obtained by other means of discovery, and plaintiff is not prejudiced by denial of access to the documents at issue in this motion. Plaintiff's motion to compel production of documents is therefore denied.